UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVERLAKE LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                      Case No.:   2:24-cv-310-SPC-KCD

ANTHONY DUME, DENISE
CONLEY, JOESPH SMITH, and
YVETTE SEWELL,

    Defendants.
_____/

## ORDER

Before the Court is Everlake Life Insurance Company's Motion for Interpleader and to Deposit Funds into the Court Registry and Discharge. (Doc. 34.) No opposition has been filed, and the time do so expired. Thus, the Court treats the motion as unopposed. *See* Local Rule 3.01(c).

The parties all agree that Everlake should deposit the stake (proceeds from a life insurance policy) into the Court registry, minus its attorney's fees and costs,[1] and be dismissed with prejudice. After reviewing the motion, and given the parties' reported agreement, the Court grants the request in part.

---

[1] The parties also agree that Everlake may withhold $5,000 from the deposited funds to cover attorney's fees and costs. (Doc. 34 at 9-10.) Attorney's fees in interpleader actions lie within the discretion of the court. *In re Mandalay Shores Co-op. Housing Ass'n., Inc.*, 21 F.3d 380, 382-83 (11th Cir. 1994). The Court finds the attorney's fees sought here proper and the amount reasonable.

The only holdup concerns a discrepancy in the injunction Everlake requests. In the complaint, Everlake demands that the Court "[e]njoin[] each of the Interpleader Defendants, their agents, attorneys, and/or assigns, from instituting or maintaining any action in any court or forum against Everlake for the recovery of any claim, in whole or in part, against the Policy." (Doc. 1 at 9.) But Everlake's current motion goes further. There, Everlake requests that the Court "enjoin[ ] Defendants *and any other claimant to the benefits of the Policy*, from instituting and/or prosecuting any other suit, cause of action or civil proceeding in any state, federal or other court of competent jurisdiction against Everlake seeking benefits or asserting claims related to the Policy on account of the death of the Insured." (Doc. 34 at 10 (emphasis added).) Everlake does not explain this discrepancy. Thus, the Court will accept the relief requested in the complaint.

Accordingly, it is **ORDERED**:

(1) Everlake Life Insurance Company's Motion for Interpleader and to Deposit Funds into the Court Registry and Discharge (Doc. 34) is **GRANTED in part** as outlined above.

(2) Within **fifteen (15) business days from today**, Everlake Life Insurance Company **SHALL DEPOSIT** into the Court's registry the proceeds of the Policy number 793398712 and applicable accrued interest, less

2

Everlake's reasonable attorney's fees and costs in the amount of $5,000.00, in the total amount of $99,531.24.

(3) Upon deposit of the Policy proceeds into the Court's registry (as specified in Paragraph 2), the Court permanently enjoins and restrains Defendants from initiating any proceedings against Everlake regarding the Policy's benefits and/or in connection with the Policy.

(4) The Clerk is **DIRECTED** to enter judgment of interpleader in favor of Everlake. Everlake is **DISMISSED with prejudice** from this action.

(5) Defendants shall continue to assert in this action their claims to the Policy proceeds.

**ORDERED** in Fort Myers, Florida on August 12, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:
All Parties of Record
Finance - Orl