UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVERLAKE LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                                                        Case No.: 2:24-cv-310-SPC-KCD

ANTHONY DUME, DENISE
CONLEY, JOSEPH SMITH, and
YVETTE SEWELL,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are Anthony Dume's Motion to Dismiss (Doc. 76) and Motion for Summary Judgment (Doc. 79). For the below reasons, the Court denies the motions without prejudice.

This action concerns a dispute over life insurance proceeds. Like many such disputes, the insurance company—Everlake Life Insurance Company—initiated the action by filing an interpleader complaint. (Doc. 1). Everlake has since deposited the policy proceeds into the Court's registry. (Docs. 39, 43, 47). This leaves a dispute between the insured's children over the deposited funds.

Three of the children—Anthony Dume, Denise Conley, and Yvette Sewell—each answered the complaint. (Docs. 36, 37, 38). A fourth child, Joseph Smith, has not appeared. Dume, who was initially represented by

counsel, brings a crossclaim asking the Court to declare him the sole beneficiary. (Doc. 36). Conley and Sewell answered this crossclaim and bring their own counter-crossclaim that seeks a declaration that Dume is not the sole beneficiary and seeks damages for intentional interference with an expectancy. (Doc. 72). The dispute, it seems, centers on a durable power of attorney which designated Dume as the insured's agent and a subsequent change naming him the sole beneficiary of the policy. Dume asserts that these actions were appropriate and, following the insured's death, that he is the sole beneficiary entitled to the proceeds of the policy. Conley and Sewell claim something is amiss.

Dume, now proceeding without a lawyer, moves to dismiss Conley and Sewell's counter-crossclaim. (Doc. 76). He argues that they do not have evidence for their claims. (*See generally* Doc. 76). As Conley and Sewell point out, such arguments are inappropriate at the motion-to-dismiss stage. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."). Dume seems to have realized this and withdraws his motion. (Doc. 78). Accordingly, the Court denies it as moot.

But Dume now reasserts his arguments in the form of a summary-judgment motion. (Doc. 79). The Court may review evidence when considering a summary-judgment motion. Having reviewed the motion, however, the Court denies it for now. Dume is proceeding without a lawyer, but he still must comply with the Federal Rules of Civil Procedure, the Court's local rules, and the Court's Orders entered in this case. The Court's Case Management and Scheduling Order (Doc. 30) addresses motions for summary judgment. It provides that a summary-judgment motion "must include a memorandum of law in support and a specifically captioned section titled, "Statement of Material Facts" in a single document[.]" (Doc. 30 at 4). The statement of material facts "must list each, separate material fact alleged not to be disputed in separate, numbered paragraphs. Each fact must be supported by a **pinpoint** citation to the specific part of the record relied on to support that fact. **Failure to submit a statement of material facts constitutes grounds to deny the motion.**" (*Id.*) (emphasis in original). Dume's motion does not include a memorandum of law and a statement of material facts. And his citations to exhibits are not pinpoint citations. Nor does he comply with the typography requirements of Local Rule 1.08, which directs litigants to use certain typefaces, 13-point font, and double spacing.

Before correcting these deficiencies, the Court warns Dume that "[o]nly **one** motion for summary judgment may be filed by a party . . . absent leave of

Court." (Doc. 30 at 4) (emphasis in original). This motion will not count toward this limit. But any future motion will be his only chance at summary judgment. That said, Dume moved for summary judgment early. Dume has not answered the counter-crossclaim. Discovery is still open for another month. (Doc. 30 at 1). Mediation—which is required—has not yet occurred, with about a month still until the mediation deadline. (*Id.*). The dispositive motion deadline, which governs summary-judgment motions, is in two months. (*Id.*). Dume will get only one chance to move for summary judgment and may want to wait until discovery is closed and the parties have attended mediation before correcting and refiling his motion.

The problems with Dume's motion to dismiss and motion for summary judgment suggest that he may be better served by proceeding with a lawyer. Even an ordinary lawsuit can be difficult to maneuver for a non-lawyer—let alone a federal interpleader action between multiple cross claimants over insurance proceeds. Still, Dume may proceed without a lawyer if that is his preference. At the very least, the Court instructs Dume to review the Court's Guide for Proceeding Without a Lawyer, found on the Court's website (https://www.flmd.uscourts.gov/litigants-without-lawyers) and to read all of the Orders entered in this case to date.

Accordingly, it is

    **ORDERED:**

(1) Dume's Motion to Dismiss (Doc. 76) is **DENIED without prejudice as moot**.

(2) Dume's Motion for Summary Judgment (Doc. 79) is **DENIED without prejudice.**

(3) **On or before May 7, 2025**, Dume must respond to Conley and Sewell's Counter-Crossclaim (Doc. 72).

**DONE** and **ORDERED** in Fort Myers, Florida on April 23, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record